## WILLIAM HAMMAT vs. JOHN RUSS & al.

In an action of trespass, where the trespass was alleged to have been committed on a certain day, subsequent to the date of the writ, the declaration may be amended by fixing the time prior to the date of the writ.

Where the defendant has been permitted to read to the jury a complaint against a third person for damages, signed by the plaintiff, for the purpose of proving his declarations, the defendant cannot introduce the record of the proceedings upon it, to show that the plaintiff had recovered damages against such third person.

It is not the duty of a Judge, on the trial of a cause, at the request of a party, to give instructions to the jury upon legal propositions, merely hypothetical, and not pertinent to the facts proved.

Trespassers are liable for all such damages as necessarily arise from their acts; and so are liable not only for the materials of a sluiceway to a mill, destroyed by them, but also for the damages sustained by the owner of the sluiceway, in being deprived of the use of it.

TRESPASS *quare clausum* and *de bonis asportatis.* The plaintiff had leave to amend his writ, and amended by altering the time when the trespass was alleged to have been committed, and the defendants objected to the amendment. From the papers, referred to in the case, it appeared that on *Aug.* 14, 1833, one *Bennock* conveyed certain lands, adjoining *Penobscot River,* to *R. M. N. Smyth,* one of the defendants, "reserving, however, the right of keeping a board sluice, on or near the place where *William Hammatt's* board sluice now is, and also the right to the said *Hammatt* of rafting boards, and laying rafts at the shore of said river." By an indenture between the plaintiff and *Bennock,* made the same day, *Bennock* conveyed to *Hammatt* the rights reserved in his deed to *Smyth.* The other facts appear sufficiently in the opinion of the Court.

At the trial before SHEPLEY J. the counsel for the defendants requested the Judge to instruct the jury, that if the defendants, in the removal of the sluice, acted with due care and caution, and did no unnecessary injury to the sluice, and that their acts were necessary to the enjoyment of their rights of property, that this action could not be maintained against them for a temporary displacement of the sluice, for the purposes aforesaid. The Judge declined to give the instruction requested, and instructed the jury, that the ac-

tion on the first count could not be maintained; that if the defendants did displace said sluice and remove the same from the spot where the plaintiff had placed it, they were trespassers, and the action was maintained; that if they were authorized, for the purpose of erecting their mills, to occasion a temporary obstruction of the plaintiff's rights, or were not answerable in this form of action for such damages, had the same been seasonably replaced, or had notice been given to the plaintiff or his agent, that the same could have been replaced, that their neglect to do either would make them answerable in this action, and that the plaintiff would be entitled to recover, not only the value of the materials removed, if the sluice had been taken and carried away as alleged, but also such injury as the plaintiff had sustained from not being able to use the sluice, from the time it was broken up, to the time of the commencement of this action, if the use thereof was destroyed by the acts of the defendants, and not by the canal. The verdict was for the plaintiff, and the defendants excepted.

*Rogers*, for the defendants, argued that the amendment could not be allowed. As the declaration stood, there was no cause of action, and the amendment is the very substance of the writ. *Bennock's* reservation, in the deed to the defendants, was of a mere easement. The plaintiff claims only under this, and cannot maintain trespass, *quare clausum*, for the interruption of this easement. *Hasty v. Johnson*, 3 *Greenl.* 282; *Thompson v. Androscoggin Bridge*, 5 *Greenl.* 62. The record of the process, on the plaintiff's complaint for damage by the *Canal Company*, should have been permitted to be read. It would have shown that the plaintiff had recovered his damages of others. The instruction requested should have been given. *At or near*, in the reservation, implies that we have the right to remove the sluice *to another place*. We were entitled to the enjoyment of our rights, if the plaintiff was put to some inconvenience thereby. 2 *Conn. R.* 529; 2 *Esp. N. P.* 639. The instruction given was erroneous. 3 *Stark. Ev.* 1437; 4 *Mass. R.* 266; 9 *Johns. R.* 108. In this action of trespass, no damages could be recovered, in consequence of the neglect of the defendants to replace the sluice.

*J. Appleton*, for the plaintiff, said, that much of the argument for the defendants, had gone upon the ground, that the verdict was

on the first count, when it was only on the count *de bonis asportatis*, and that to so much he should not reply. The amendment was rightly allowed. 3 *Greenl.* 183 ; 1 *Pick.* 156. By the terms *at or near*, in the reservation, the election is given to the *plaintiff*, to remove his sluice, but not to the defendants. But even if the election was given to the defendants, still they are trespassers, as the removal was without notice to us. The instruction requested, had relation to a mere hypothetical case, not warranted by any evidence given on the trial, and was therefore properly withheld. 2 *Fairf.* 350. The instructions were correct. The sluice was carried away and destroyed, not merely removed to another place. The rule of damages, given to the jury, was correct. *White* v. *Moseley*, 8 *Pick.* 356.

The opinion of the Court was by

SHEPLEY J. — The writ was dated on the 30th of *May*, 1836, and the trespass was alleged to have been committed after that date on the first day of *July*, 1836. This shews the date of the trespass to have been a false, or an impossible one, and exhibits some error or mistake. A deed is not destroyed by a false or impossible date. *Com. Dig. Fait, B*, 3. And there does not seem to be sufficient reason for giving such a date more effect upon a count in a writ than upon a deed.

If the amendment may be said to give to the plaintiff a cause of action, when by reason of the material defect none existed before, that is no valid objection to it. For the fifteenth rule of this Court allows amendments in matters of substance, which implies the necessity of removing a material defect. Amendments in such cases are allowed, when the action or plea is not thereby changed, and when no new subject matter is introduced. 3 *Mass. R.* 208 ; 7 *Mass. R.* 440 ; 2 *Pick.* 23.

The defendants, for the purpose of proving the plaintiff's declarations, having been permitted to read a complaint signed by him, claimed to introduce the record of the proceedings upon it between him and the canal company to prove, that he had recovered damages against the company. If admissible for the defendants to prove damages had been recovered, it should have been admissible for the plaintiff to prove the contrary, in case none had been re-

covered. Such a course would have the effect to prejudice one party by the acts or omissions of others in a case to which he was not a party. The defendants might have proved on this trial, if practicable, that the injury was done by the company, and not by them. The record not being between parties or privies was properly excluded.

The instruction, which was requested and not given, applies to " a temporary displacement of the sluice," and does not appear to have been authorized by any testimony in the cause, there being no evidence of a mere temporary interruption, or of any attempt to replace it. The instructions given, are complained of, because the jury were informed, that the defendants would be trespassers by removing the sluice from the spot where it was placed. And it is said the plaintiff's rights were only to have it remain " on or near the place," where it then was. The instructions might have been liable to objection, if the proof had been, that the defendants only removed it without injury to a place equally convenient and near the other, but applied to the testimony in the case they were correct. What was said of the consequence of not replacing the sluice, does not appear to have communicated the idea, as supposed in the argument, that by neglecting to do so, they became trespassers, *ab initio ;* for it had already been stated, that they were trespassers by the original removal. The object seems to have been to distinguish this case from the case of a temporary removal and replacing of it without injury.

The defendants were responsible for all such damages as would necessarily arise from their acts, and the instructions did not authorize the assessment of other damages.

*Judgment on the verdict.*