## DURDEN v. CLEVELAND.

1. A bill in equity is not evidence of the facts stated in it against the complainant unless sworn to by him.
2. When a written agreement between the plaintiff and defendant shows that the notes sued for were given for the price of an undivided moiety of a tract of land and a saw-mill, and which also contains an agreement that a co-partnership shall exist in the saw-mill, the breach of the contract with respect to the co-partnership, is no defence to the suit for the price of the land, because the agreement for the partnership forms no part of the consideration of the notes.

WRIT of Error to the Circuit Court of Autauga county.

The plaintiff declared in assumpsit on a promissory note for five hundred dollars, and it appears from the record that two other cases were consolidated with this, but the transcript does not contain the declarations filed in those cases. The defendant pleaded non-assupsit, payment, want and failure of consideration, and the plaintiff had judgment upon a verdict returned in his favor on these issues.

In the progress of the trial the defendant offered to read in evidence a certified copy of a bill in equity, filed against him by the plaintiff, praying that certain lands described in an instrument executed by the parties, and in evidence before the jury, might be subjected to the payment of the notes sued for. The object in recording this bill was to identify the notes with those described in that instrument. The Court refused to admit the copy of the bill as evidence. The instrument of wri-

29

ting in evidence was an agreement between the parties, which recited that Cleveland, on the twentieth May, 1835, had bargained and sold to Durden one undivided half of a certain tract of land and a saw-mill, for which Durden agreed to pay fifteen hundred dollars, with interest from date, in three payments—$500 on the 20th May, 1836, $500 on the 20th May, 1837, $500 on the 20th May, 1838; these payments could be discharged with good notes on solvent persons in Lowndes or Autauga counties. Cleveland agreed to execute complete and perfect titles for the land at any time previous to the 20th May, 1838, when the purchase money should be paid, or at the time when the last payments should be made.

It was also mutually understood between the parties that they, from the 20th May, 1835, entered into co-partnership in the said saw-mill and lands, and that all the tools, and other things necessary to carry on the saw-mill, to wit: one yoke of oxen, cart, saws, axes, &c., which were then about the mill, should remain and be employed for the benefit of the partnership; Cleveland on his part agreed to furnish two good hands to cut and haul stocks and work at any thing which should be necessary to carry on the partnership. Durden on his part agreed to superintend the business, attend the saw and keep it in good order, running as steady as possible, and also to keep the running gear in good repair. The parties were to have equal shares of the profits arising from the sale of lumber cut by the mill, and were to pay equal shares of all expenses thereafter incurred.

The defendant proposed to introduce evidence to show an entire non-compliance on the part of the plaintiff with the terms of this instrument, but the Court excluded the evidence. The defendant thereupon excepted to the opinion of the Court in these several matters, and now insists that there was error in refusing to admit the copy of the bill in evidence and in the exclusion of the evidence showing a non-compliance by the plaintiff of his stipulations.

HAYNE, for the plaintiff in error.

GOLDTHWAITE, J.—1. The rejection of the copy of the bill in equity between these parties when offered as evidence

to establish the identity of the notes sued on with those described in the written instrument, afterwards before the jury, is not a matter of importance in its connection with the case, because this identity could have no influence unless some defence was made out.

But conceding that the fact of identity was material, it could not be thus established. The established rule is now to consider a bill in equity as the mere allegation of counsel, unless the party is connected with it by proof, showing a recognition of its contents, as would be the case if the bill was verified by the complainant's oath. It is possible other modes of recognition might be shown, but we need not examine this subject further, as there is here no pretence of any recognition of the bill. The case in this aspect does not differ from that of Adams v. McMillan, 7 Porter, 73; see also Rankin v. Maxwell, 2 Marsh. 488; Gresley Eq. Ev. 322; 3 C. & H. Phil. E. 923.

The other question raised is with respect to the exclusion of the evidence of a non-performance of the stipulations of Cleveland respecting the partnership.

From an examination of the agreement between the parties it will be seen that the consideration of the notes sued for was the price of the land agreed to be sold. None of the stipulations respecting the partnership entered at all into the consideration of these notes—and the refusal of the plaintiff, or his omission to comply with his agreement about the manner in which the partnership should be carried on, cannot affect his right to recover the price paid for the land.

The sale of the land and the agreement to form the partnership are entirely distinct; and there is nothing in evidence to show that the latter was intended in any manner to control the former; therefore our conclusion is, that the Court below very properly excluded the consideration of the breach of the contract respecting the partnership from the jury. This did not affect the consideration of the notes, for they were to be paid before the plaintiff could be required to give a title, and no fraud is pretended.

Let the judgment be affirmed.