# JULY TERM, 1847.

## HALL vs. GUTHRIE.

1. Although the statements in a bill in chancery are not usually evidence against the complainant, yet, if the bill be sworn to, admissions made in such bill may be evidence against such party.

2. Statements made in such bill on the information of others, however, are no evidence, being at most but hearsay.

## ERROR to Platte Circuit Court.

STRINGFELLOW, *for Plaintiff in error.*

1. The agreement between the attornies only waived any objection to the paper offered, on the ground of its being secondary evidence. It expressly required full proof of the execution of the deed. The bill in chancery was the only evidence offered of the execution of the deed, or that the paper was a copy. It is insisted that the bill was no evidence. The statement in the bill was not made on the knowledge of the plaintiff, but only upon his information and belief. Such a statement in an answer could be no evidence. It is not even an admission; much less is it evidence that the paper was a copy, or that the deed had been executed. Gamble & Johnston vs. Johnson, 9 Mo. R., 605.

2. The court erred in leaving to the jury to decide upon the proof of the execution of the deed. That is a matter of law.

3. The pleas of defendant being special pleas, and not having been made under affidavit, should have been stricken out. Acts of '41 and '2 regulating Practice at Law.

HAYDEN, *for Defendant in error, insists:*

1. That it devolved upon the plaintiff, in the trial of the cause, to show by proof, to maintain his action, that the defendant, Guthrie, was not *seized* of an indefeasible estate in fee to the land mentioned in the declaration, at the time of the execution of the deed from Guthrie, as charged in

the declaration.   See 2nd Greenleaf Ev., sec. 241, p. 198; 2nd Mass. R., 433, Marston vs. Hobb; 4 do., 408, 441, 627; 17 Mass., 213; 5 Pick., 217; 5 Yerger, 41; 1 N. Hamp., 177; 3 Ohio, 220; 10 Mass., 403; 7 John. Rep., 376; Hallenback vs. Sedgwick.

2. That the proof offered and given by the plaintiff did not show that the defendant had broken his covenant of seisin.   See the authorities above referred to.

3. The evidence given by the defendant was legal and admissible to prove that he had not broken his covenant of seisen.   See 1 Greenleaf, p. 641, Lang vs. Raine; Bos. & Pul. 85, referred to in Greenleaf.   See 2nd Greenleaf's Ev., 242–3, secs. 293–4–5—when deeds may be read to a jury where they are the foundation of the action.

NAPTON, J., *delivered the opinion of the Court.*

Hall brought an action of covenant against Guthrie, founded upon an alleged breach of the covenant of seisin contained in a deed to him from the said Guthrie.   The defendant filed two pleas—*non est factum,* and a plea denying the breach in the words of the declaration.   A trial was had, and, during its progress, a paper was read, in which it was agreed that " copies of the records of the deeds in the possession of Mr. Hall might be read in evidence in place of the originals; that is, that no objections should be made on the ground of secondary evidence; but they should be liable to all objections that the original would be."   The plaintiff then read a copy of the deed from Guthrie and wife to himself, dated 1st March, 1842, and a patent from the Governor of this State, dated 5th December, 1833, conveying the land described in the first deed to William Silvers and his heirs, as part of the Seminary lands.

The defendant then read a deed from Silvers and wife to James Lawrence and John W. Lumpkins, dated 20th September, 1833; also a deed from Lawrence and wife, dated 20th May, 1836, to Samuel C. Owens, conveying the undivided half of said land, and a deed from Lumpkins and wife, dated 10th May, 1836, conveying their undivided moiety to Thomas H. Wilson and heirs.   The defendant then read a deed from Wilson and wife to Samuel C. Owens, dated 4th June, 1836; and a deed from Samuel C. Owens and wife, dated 4th June, 1836, to Jacob Steele, of Bath county, Kentucky, conveying the whole tract in fee, with covenant of warranty, &c.

The defendant then offered to read a copy of the deed from Steele and wife to Luther Mason, but objections were made, because there was no proof of the execution of said deed.   The defendant then read in evidence a bill for an injunction, in which said plaintiff charged " that he was informed and believed that Jacob Steele signed, sealed, acknowledged and delivered his deed to Luther Mason, whereby he, the said Steele,

granted, bargained and sold the said land to the said Mason; which deed the party complaining believed to be in the possession of said Mason, and prayed that Mason be compelled to produce it," &c. This testimony was objected to as any evidence of the execution of said deed, but it was admitted; and thereupon the plaintiff submitted to a nonsuit, which he afterwards moved to set aside. This motion being overruled, the case was brought to this Court.

A bill in chancery is not usually evidence against the party complainant, as many of its statements are supposed to be the mere suggestions of counsel; but where a bill is sworn to, as all bills must be whose purpose is to arrest the jurisdiction of another tribunal, it may be evidence against the party to the bill, if it contain admissions against his interest. The statement in the bill filed by Hall is, that he was informed and believed that a deed had been executed and delivered. The party does not profess to have any personal knowledge on the subject, nor is there any thing in the statement to *identify* the deed spoken of with the deed, a copy of which was then before the court. If a deed has a subscribing witness, that witness must be called, or if his absence is satisfactorily accounted for, his hand writing may be proved. If the deed was without a subscribing witness, the handwriting of the maker may be proved, or the deed, if acknowledged and recorded, according to the provisions of our statute is admissible in evidence without further proof. The evidence offered was merely secondary, and was not admissible, without accounting for the absence of primary evidence, and moreover, had no tendency to prove the execution of the deed offered, because there was nothing in the statement to show that the deed spoken of was the identical deed offered in evidence. Call vs. Dunning, 4 East., 53; Abbott vs. Plumbe, Dougl., 216.

Judgment reversed, and cause remanded.