## McREA ET AL. *vs.* THE INS. BANK OF COLUMBUS.

1. When an attorney, employed to collect money, is called on for a settlement, his admission of the amount collected is competent evidence against his client, but the client may nevertheless show by other proof that the fact admitted did not in truth exist.

2. The allegations of a bill not sworn to by the complainant are to be considered as the mere suggestions of counsel, but those contained in a bill, which is verified by him, are competent evidence against him.

Error to the Circuit Court of Barbour. Tried before the Hon. Sam'l Chapman.

The facts of this case are set forth at length in the opinion of the court.

P. T. SAYRE, for plaintiff in error:

1. The judgment of the County Court was erroneous. Upon the verdict of the jury, the judgment should have been so as to satisfy the original judgment as to the $5190, and the court should have ordered satisfaction for that amount to be entered.

2. The court ought to have given the charge first asked,

for, as the payment of the judgment to the attorney of the plaintiff was tantamount to a payment to the plaintiff himself. Hudson v. Johnson, 1 Wash. 10; Langdon v. Potter, 13 Mass. Rep. 320; Lewis v. Gamage, 1 Pick. 347; Commissioners v. Rose, 1 Dessaus. 469.

3. Pettit having power, as the attorney of the plaintiff, to satisfy and settle said judgment, his admissions and declarations were competent.—7 Cow. 739; Erwin v. Blake, 8 Pet. 18; 1 U. S. Dig. 329; Story on Ag. 156–7.

4. Pettit was the attorney, he was called upon for the purpose of having a settlement, and his declarations made at the time were admissible as part of the *res gestæ.*—1 Greenl. 198.

No counsel for the defendant.

DARGAN, C. J.—The facts of this case appear to be these: The Insurance Bank of Columbus recovered a judgment against Seth Lore, on which an execution was issued and placed in the hands of Duncan McRae, as sheriff of Barbour county. He failed to make the money, and the Bank moved for judgment against him and his securities, suggesting that he could have made the money with proper diligence. The sheriff and his securities appeared and admitted the facts alleged in the suggestion, and confessed judgment in favor of the Bank for the sum of six thousand seven hundred and eighty-one dollars. On this judgment executions from time to time have been issued. At the February term of the County Court, A. D. 1849, McRae, the sheriff, and his securities moved the court to enter satisfaction of said judgment, alleging that it had been paid. An issue was made up involving the inquiry whether the judgment had been paid, and submitted to a jury who returned a verdict that five thousand one hundred and ninety dollars had been paid on the judgment, but that the residue was still due and unpaid. On this verdict the court dismissed the motion to enter satisfaction at the cost of the plaintiffs in error. On the trial of the issue, a bill of exceptions was taken to the ruling of the County Court, the material facts of which appear to be that Seth Lore, the original debtor, deposited the money in the hands of Mr. Pettit, the attorney of the Bank, to pay the judgment against the sheriff, and his securities, but Pettit subsequently allowed Lore

to draw a portion of this money out of his hands. It also appeared that Thomas Lamply, one of the securities of the sheriff, and Thomas F. Foster, an attorney of the Bank, called on Mr. Pettit for the purpose of making a settlement. Pettit then admitted, that he had in his hands money sufficient to satisfy said judgment, less one hundred dollars, which had been deposited with him by Lore, for the purpose of paying said judgment, and he then gave to Lamply a written order to the coroner, who had the execution for collection, directing him to stay proceedings on the execution. The Bank then introduced a bill filed by Duncan McRae, in the Chancery Court of Barbour, praying an injunction against the execution for the purpose of showing the amount that McRae admitted to be due on said judgment. Some of the securities against whom the judgment was rendered were joined as complainants in the bill—the others were parties to the bond for the injunction. The plaintiffs objected to the admission of this bill as evidence, which objection was overruled by the court. On this evidence, the plaintiffs by their counsel requested the court to charge the jury, 1st, that if they believed that Pettit was the attorney of the Bank, and that a sum of money sufficient to satisfy the judgment had been deposited with him, that this was a satisfaction of the judgment. 2d. That if they believed that Pettit, the attorney of the Bank, admitted to Lamply that he had in his possession an amount sufficient to satisfy the judgment, less one hundred dollars, and then gave an order to the coroner to stay proceedings, then they could only find in favor of the Bank the amount claimed to be due by Pettit with interest, which charges the court refused, and charged the jury that the admissions of Pettit could not be received as evidence although his acts could. The plaintiffs excepted to the ruling of the County Court and presented a writ of error to the Circuit Court, and in that court assigned the matters contained in the bill of exceptions as error. The Circuit Court affirmed the judgment of the County Court, and the cause is brought into this court by a writ of error to the the Circuit Court.

1. The admissions of an agent become evidence against the principal to the extent that he has authority to make them. When this authority is implied from the authority given to do

a certain act, the admission must be connected with the act, that is, it must be a part of the *res gestæ*. If the declarations of the agent be entirely disconnected with any act or duty he has undertaken to perform, the authority to make them cannot be implied, and they become mere hearsay, and consequently inadmissible.—1 Greenl. Ev. §§ 114; 2 Cowen & Hill's notes to Phil. Ev. 180, n. 182. In this case Pettit was employed by the Bank to collect the money. As an attorney he had therefore authority to receive it, and when it was received and he was called on for a settlement it became his duty to inform the Bank of the amount collected by him. The admission then made of the amount received from Lore was in the performance of his duty, and that duty resulted from an act he was authorised to perform, to wit, to receive the money. Such an admission was within the scope of his authority, connected with the acts he was authorised to perform, and therefore part of the *res gestæ*, and consequently admissible. The State Bank v. Wilson, 1 Dev. 484; Thallheiner v. Brinckerhoff, 6 Cow. 90; 11 Johns. 70. It is not, however, to be understood that such admissions are conclusive evidence to establish the facts they tend to prove, for although the admissions of an agent constituting a part of the *res gestæ* are evidence against his principal, yet it is competent for him to show that these admissions were improperly made, and that the facts they tend to prove do not in reality exist. Notwithstanding therefore Pettit admitted the payment of the money under circumstances that render such admissions evidence, yet it is entirely competent for the Bank to show by other proof that the money in fact was not paid. The court, however, instructed the jury that these admissions made by Pettit were not to be regarded as evidence. This was erroneous. The admissions being competent testimony, were to be weighed by the jury, and such credence given to them as the jury might consider they were entitled to under all the circumstances of the case.

2. In reference to the bill filed by McRae to enjoin the judgment and which was admitted as evidence to show the amount that McRae acknowledged to be due on the judgment, at the time bill was filed, we will merely say that if it was not sworn to by McRae, it was improperly admitted.—Adams

v. McMillan, 7 Porter, 73; Phillips Ev. vol. 1, 358. But we think if the bill was sworn to by McRae, the facts and allegations contained in it become evidence against him. The reason why a bill not verified by the oath of the complainant is not evidence against him is, that the allegations are to be considered as the mere suggestions of counsel. But we cannot suppose that the allegations of a bill sworn to by the complainant are the suggestions of counsel merely, but must consider them as the statement of facts known to be true. The answer of a defendant under oath has always been received as evidence against the party who makes it, and we see no reason why a bill which is verified by the oath of the complainant shall not also be received as evidence against him. We do not deem it necessary to examine any other question presented by the record. For the error we have noticed the judgment must be reversed, and the cause remanded for further proceedings.