Mr. Justice MacArthur
delivered the opinion of the court:
The complainant, Mary Peters, joined with her husband, *517 J. H. Peters, in a deed of trust upon lot IS, in square 732, to secure the payment of a note of the said J. H. Peters for the sum of $1,000, dated November 8, 1855, at six months, to the firm of Suter, Lea & Co., at that time bankers and brokers in the city of Washington. They executed and delivered the deed to the defendant, William A. Mix, as trustee, and agreed therein that, upon default being made in the payment of the note, the trustee might sell the land at public auction, and apply the proceeds to the payment of the indebtedness. It is admitted that J. H. Peters died August 5,1862; and the complainant avers that the said note and all interests and costs which had accrued thereon were fully paid and discharged by her said husband in his life-time. The trustee has caused the property to be advertised for sale, and. the bill is filed to procure an injunction restraining such sale.
The trustee admits that he has advertised the property for sale at the request of Luther K. Smoot, the owner of the note, and both Smoot and the trustee deny that the indebtedness was fully paid by the said Peters in his life-time; and while they admit a partial payment, they claim a balance still due of $788.91.
The court below enjoined the defendants from enforcing the said trust-deed because it was of more than twelve years, standing, and was therefore barred by chapter 23, section 6, of the act of Maryland assembly, passed A. D. 1715. The section referred to reads as follows :
“ i. And be it further enacted, That no bill, bond, judgment, recognizance, statute merchant or of the staple, or other specialty whatsoever, except such as shall be taken in the name or for the use of our sovereign lord the king, his heirs and successors, shall be good and pleadable or admitted in evidence against any person or persons of this province after the principal debtor and creditor have both been dead twelve years, or the debt or thing in action is above twelve years’ standing, saving to all persons that shall be under the aforementioned impediments of infancy, coverture, insanity of mind, imprisonment, or being beyond the sea, the full benefit of all such bills, bonds, judgments, recognizances, statute merchant or of the staple, or other specialties, for the space of *518 five years after such impediments removed, anything in this act before mentioned to the contrary notwithstanding.”
We are informed on the argument that the justice who heard the case in special term decided it in favor of the complainant upon the sole ground- that, as the trust-deed was-above twelve years’ standing, any action in or out of court to enforce it was barred by the limitation of this statute. This position we are all satisfied is not sustained by the authorities. The question here presented has been often discussed and decided by the courts in Maryland, and they have uniformly held that the statute does not apply to suits in. chancery for the recovery of money secured by a mortgage or equitable lien on real estate, or to mortgages in any way or of any description. Lingan vs. Henderson, 1 Bland, 281;. Stump vs. Henry, 6 Md., 209 ; Crawford vs. Severson, 5 Grill, 443. This construction seems to derive confirmation from the title of the act being only for avoiding suits at law. Almost all the cases in the English books decide that the owner of an equitable estate will not be barred for twenty years, and that courts of equity will not presume the payment of an indebtedness secured by a mortgage for at least that period. They proceed upon the analogy to the statute of limitations,, which would bar an action of ejectment under the same circumstances. The lien affects the title to land, and is therefore of the same importance and consideration as other deeds, and they grant relief in equity for the same length of time that a right of entry is preserved. The Supreme Court of the United States in Elmindorf vs. Taylor, 10 Wheat., 157, has announced the same principle, and Chief-Justice Marshall delivered the opinion in the case, and, after reviewing the English cases, comes to the conclusion that an equitable claim, to land is not barred in equity until the same length of time has expired that would cut off a right of entry.
The decisions are mostly made in cases of bills to foreclose or redeem mortgages, or where it has been sought to. impeach titles on the ground of fraud, or in cases to enforce the payment of money secured by a vendor’s lien; and it has. most always been held in such cases that the presumption of' satisfaction will not arise in a court of'equity until after the-lapse of twenty years. The courts in Maryland have unequivo *519 cally expressed the same doctrine. They recognize the lapse-of twelve years as an absolute bar to an action at law; but. say that courts of equity are nut bound by it in cases of equitable liens on real estate, and that they will afford relief in such case at any time within which an ejectment might be-sustained. This also appears to have been the view of the-statute acted upon in the District of Columbia, for we derive-the statute and its interpretations from Maryland. Probably many titles and many purchases of real estateha.ve been made-upon this basis and no other, until it has become a rule of property, and an adverse decision now would endanger interests that ought not to be disturbed. Although the opinion of the bar is not sufficient to -settle the law, yet when we find this understanding accepted and acted upon from a time so remote as to be beyond the memory of the oldest practitioners, the court will be disposed to the same opinion, especially when it is so well sustained by the authorities of the State where the law has been long expounded in the same way. If a. change is desirable, it ought to proceed from the legislature, when it would only relate to future transactions, without affecting rights already acquired. What was said in the opinion of this court in the case of Pendleton vs. Parker, in regard to the operation of this statute, so far as trust-deeds are concerned, is, upon more deliberate examination, reconsidered and overruled, and for the reasons already assigned the decree in this case must be reversed, and the cause remainded to the special term to be heard on its merits.