<hr />

NATHANIEL HERSEY *v.* DAVID BARTON.

*Evidence.    Admission from silence.*

To justify a presumption of an admission from the silence of the party, when a statement is made in his presence adverse to his interest, the statement must not only be brought to his attention, but it must be such as calls for a reply.

TROVER for a horse, brought in the county of WASHINGTON. Plea, the general isue, and trial by jury, March Term, 1851,—POLAND, J., presiding.

It appeared, that the parties made an exchange of horses, which was claimed by the plaintiff to have been conditional, with the privilege of " trading back." On the part of the defendant it was claimed, that there was no condition to the trade, by which the plaintiff had a right to rescind the contract. The only question in the case was in reference to the terms of the exchange. Testimony was introduced on each side. The plaintiff offered in evidence the deposition of one Taber, which was objected to by the defendant, but admitted by the court. The witness testified, that on a day named by him, he met the plaintiff and defendant in the road, and that they had the appearance of having been exchanging horses ; that they were two or three rods apart, and the witness was nearest to the plaintiff, and had his face turned towards the defendant; that the witness said to the plaintiff, "What, you have been swapping horses, have you ?" that the plaintiff replied," No, only changing on trial ;" that the witness was not able to say, whether the defendant heard what the plaintiff said or not, that he was near enough to have heard, if he had been paying attention ; that the conversation was in a full voice, such as a person would naturally use in that situation ; that it was the opinion of the witness, that the defendant did hear the conversation ; and that the defendant made no reply.

The defendant requested the court to charge the jury, that the facts stated in the deposition of Taber were not evidence, and should be disregarded by them. But the court instructed the jury, that if they were satisfied, from the facts stated in the deposition, that the defendant heard the conversation testified to by the witness, between the witness and the plaintiff, then the deposition was evidence competent for the jury to weigh, to determine the terms of the contract between the parties; but that, if they thought the statement was not heard by the defendant, then it was no evidence.

Verdict for plaintiff. Exceptions by defendant.

*Vail* and *Spalding*, for defendant, insisted, that the deposition of Taber was improperly admitted, and cited *Vail* v. *Strong*, 10 Vt. 457, and *Gale* v. *Lincoln et al.*, 11 Vt. 152.

*O. H. Smith*, for plaintiff, insisted, that the case came within the rule laid down in *Vail* v. *Strong*, 10 Vt. 457; that although the defendant might not be bound to answer the enquiry of Taber, yet that when he heard the sober and positive declaration of the plaintiff, of his understanding of the agreement, the occasion and the attendant circumstances called for a serious admission, or denial, on the part of the defendant; and cited *Vincent* v. *Huff's Lessee*, 8 S. & R. 381, 389. 2 Cow. & H. Notes to Phil. Ev. 192, 198.

The opinion of the court was delivered by

KELLOGG, J. The only question raised in this case is upon the ruling of the county court, admitting the deposition of one Taber, which was introduced by the plaintiff and admitted by the court under objections by the defendant.

The deposition purports to recite a conversation between the plaintiff and the witness, in relation to the subject matter of the controversy between the parties to this suit, in the presence of the defendant, which the witness cannot say the defendant heard, though he gives it as his *opinion*, that he did hear it. We think, the testimony was inadmissible. Testimony of this character, when received, is for the purpose of raising a presumption, from the silence of the opposite party, of the truth of the statements. It is a class of testimony, which, under some circumstances, is clearly admissible, but it is always to be received with caution. To justify a presumption of an admission from the silence of the party, when a statement is made in his presence, adverse to his interest, the statement must not only be brought to his attention, but it must be such as calls for a reply. Such is the doctrine held in *Gale* v. *Lincoln et al.*, 11 Vt. 152. That was an action upon a warranty of some sheep; and to prove the warranty, evidence was given, that, while the plaintiff and one of the defendants were selecting the sheep, the plaintiff, in conversation with his son, in the presence of one of the defendants, told his son, that he was to pay $2,25 each, for the sheep, and that they were *warranted sound*, and that the defendant did not dissent from

the statement, or make any reply to the same.    It was held to have no tendency to prove the warranty, and was therefore inadmissible. And the court put the decision upon the ground, that the statement was not made to the defendant, but to a third person, and that it did not call for a reply.

So in the present case, the remark of the plaintiff, that he had not swapped horses, but exchanged on trial, though made in the presence of the defendant, was not addressed to him, but to the witness Taber, and it did not require an answer.    This we think to be the correct rule, by which to determine the admissibility of testimony of this character.    To hold that a person is bound, upon all occasions, when his adversary, in his presence, is making statements to others and not addressed to him, but which are adverse to his interest, to repudiate the same, or that his silence should be taken as an *admission* of *the truth* of those statements, would in our judgment be unsound in principle and unwarranted by authority.    It is at best a species of evidence of doubtful character, which ought not to be extended.    We think it is quite enough to avoid the effect of such statements, to require a repudiation or contradiction of the same, when they are addressed to the individual, or are made in such terms and under such circumstances, as demand a reply, neither of which, as we think, existed in the present case.    Viewing the testimony of Taber as improperly admitted, the judgment of the county court must be reversed.