FRANCIS & BROTHER v. W. J. & J. G. EDWARDS & CO.

*Agent and Principal--Evidence--Pleading--Counter Claim--Non Suit.*

1. An agency must first be established *aliunde* the declarations of the alleged agent before his acts or declarations are admissible in evidence.

2. The *silence* of a party is not an assent to statements made in his presence unless they are made under such circumstances as properly call for a response.

3. Where a declaration is made fairly susceptible of two constructions, and nothing else appears to make one construction more probable than the other, it is not evidence of either alternative.

4. A counter-claim is a distinct and independent cause of action and when properly stated as such with a prayer for relief, the defendant becomes, in respect to the matters stated by him, an actor, and there are two simultaneous actions pending between the same parties wherein each is at the same time both a plaintiff and a defendant.

5. Where a counter-claim is duly pleaded neither party has the right to go out of Court before a complete determination of all the matters in controversy, without or against the consent of the other; *Therefore,* where in such case the Court below permitted the plaintiff to take a non-suit; *Held*; to be error.

(*Williams* v. *Williamson,* 6 Ire. 281; *Munroe* v. *Slutts,* 9 Ire. 49; *Sloan* v. *McDowell,* 71 N. C. 356; *Harris* v. *Burwell,* 65 N. C. 584; *Bitting* v. *Thaxton,* 72 N. C. 541; *Walsh* v. *Hall,* 66 N. C. 233, cited and approved.)

CIVIL ACTION tried at Fall Term, 1876, of NORTHAMPTON Superior Court, before *Watts, J.*

This action was brought to recover $394.56 balance due, alleged to have been furnished the defendants at their request, and paid on a certain draft drawn by them. The defendants denied that this draft was drawn by their authority or for their benefit, and alleged that one J. M. Edwards without their knowledge had shipped five bales of cotton to plaintiffs; and after learning that said shipment had been made, they wrote to the plaintiffs to sell the same and remit proceeds to them, but the plaintiffs failed so to do; and that they never had transacted business under the firm name ·of W. J. & J. G. Edwards & Co. Wherefore they demanded judgment for amount of proceeds of said sale, which was set up as a counter-claim.

The testimony of the witnesses for the plaintiffs was as follows: W. J. Rogers testified, that from about 1867 to 1873, he was engaged in the commission business in the City of Norfolk, and during that time the defendants were cultivating together a farm in Southampton County, Va., and had frequent dealings with them up to the time he left Norfolk·in 1872, and always understood that the firm was composed of the defendants and no one else; that he understood one J. M. Edwards lived on the farm and attended to it for the defendants, and that while doing business as aforesaid, the defendants instructed him not to pay any drafts for money drawn by said J. M. Edwards, out of their funds, and that W. S. Francis, one of the plaintiffs, being a clerk of witness, was directed to make a note of this instruction on the books of the firm of which witness was a member. J. T. Atkins testified, that before this action was commenced he was working on the gin at the home place of W. J. Edwards, in North Carolina, when J. M. Edwards came there under the influence of liquor, and told W. J. Edwards he must go to the house and settle with the hands; that he (J. M. E.) was interested as well as W. J. Edwards, and that W. J. did go to the house.

The plaintiffs then offered to prove that a draft,—"No. 269. Norfolk, Va., Feb. 27th, 1873. The Exchange National Bank of Norfolk, Va., Pay to W. J. & J. G. Edwards & Co. or bearer, five hundred dollars. Francis & Brother,"— was delivered to J. M. Edwards, and that the amount thereof was paid to him by the drawee. The defendants objected to this evidence on the ground ; (1) it was not responsive to the allegation, inasmuch as it was not alleged in the complaint, either that the money was furnished to J. M. Edwards, or that he was a co-partner of defendants ; and (2) that the plaintiffs had introduced no evidence to connect J. M. Edwards with the defendants, either as a partner or as an agent authorized to bind them by his contract.

The Court being of opinion with the defendants excluded this evidence and the plaintiffs asked to be allowed to submit to a nonsuit. To this the defendants also objected, and claimed the right to introduce evidence to establish their counter claim. The Court being of opinion with the plaintiffs on this point, directed a judgment of non-suit to be entered ; and thereupon the plaintiffs appealed from the ruling of His Honor excluding said evidence, and the defendants appealed from the judgment of non-suit.

*Messrs. D. A. Barnes* and *J. B. Batchelor*, for plaintiffs.
*Messrs. W. W. Peebles* and *R. B. Peebles*, for defendants.

BYNUM, J.   Before evidence could be received that J. M. Edwards had collected the money on the check of Francis & Brother as the agent of the firm of W. J. & J. G. Edwards & Co., the agency had first to be established, *aliunde* the declarations of J. M. Edwards himself ; and it was incumbent on the Judge to determine whether there was a *prima facie* case of agency established, so as to render the acts and declarations of such person, the acts and declarations of those whose agent he is alleged to have been.   *Williams* v. *Wil-*

*liamson,* 6 Ire. 281 ; *Munroe* v. *Stutts,* 9 Ire. 49. No such case of agency was established in this case and for several rea-- sons :

1. The only partnership proved was by the evidence of Rogers, and that was between W. J. & J. G. Edwards in re- lation to the farm *in Southampton, Virginia ;* whereas the only evidence offered to connect J. M. Edwards with this firm, was that of Atkins, but this evidence related only to the *North Carolina* farm, which belonged to W. J. Edwards. Therefore giving full force to the declarations of J. M. in the presence of W. J. Edwards and taking the silence of the latter in respect thereto as an admission of all that was alleg- ed by the declarant, the whole amount of it would be, that J. M. & W. J. Edwards were working the North Carolina farm as partners or in some other connection. But as the action is not against this firm, but another—W. J. & J. G. Edwards & Co.,—this evidence does not establish or tend to establish the alleged agency.

2. The silence of a party is not an assent to statements made in his presence, unless the statements are made under such circumstances as properly call for a response. W. J. Edwards was under no obligation to admit the loose and accidental statements of an intoxicated man. They were made for no such purpose as to call for a denial, or to fix the two as partners by his silence. They accord- ingly seemed to have attracted little or no attention from the person addressed, and upon no rule of evidence do such declarations thus made, tend to establish a partnership even between J. M. & W. J. Edwards. Certainly they do not touch or affect J. G. Edwards or the firm of which he was a member.

3. The language of J. M. Edwards was, "that he (W. J. Edwards) must go to the house and settle with the hands; that he was interested in it as well as he, (J. M. Edwards)." How interested ?—One may be interested as a partner but

that is not the only way. If W. J. Edwards had been an employee or overseer getting a part of the crop as wages, he would have been interested in seeing that the hands were paid and retained to finish the crop as much as if he had been a partner. Where a declaration is made which is fairly susceptible of two constructions, and nothing else appearing to make one construction more probable than the other, it is not evidence to establish either alternative. If A is charged with an assault upon B and a witness testifies that A made the assault either upon B *or* C, such testimony by itself is inadmissible to established the guilt of·A. If·J. M. Edwards had been sober and had made the specific statement in the presence of W. J. Edwards, that he was the agent or the partner of the firm of W. J. & J. G. Edwards & Co., the silence of the latter would have been evidence of the truth of the statement. The evidence relating to the payment of the plaintiffs' check was therefore inadmissible to charge the defendants and was properly ruled out.

Failing to make out their case, the plaintiffs next moved that they be allowed to take a non-suit and go out of Court. To this the defendants objected upon the ground that in their answer to the complaint, they had set up a counter-claim against the plaintiffs for the price of five bales of cotton belonging to them, which had been sold by the plaintiffs for $206.56, and the money for which had not been paid over to the defendants. His Honor gave judgment of non-suit and in this there was error.

A counter claim is a distinct and independent cause of action, and when properly stated as such with a prayer for relief, the defendant becomes in respect to the matters alleged by him an actor, and there are then really two simultaneous actions pending between the same parties, wherein each is at the same time both a plaintiff and a defendant. The defendant is not obliged to set up his counter-claim. He may omit it and bring another action. He has his elec-

tion. But when he does set up his counter-claim, it becomes a cross action and both opposing claims must be adjudicated. The plaintiff then has the right to the determination of the Court of all matters thus brought in issue, and mutually the defendant has the same right, and neither has the right to go out of Court before a complete determination of all the matters in controversy without or against the consent of the other.

This is the proper construction of the provisions of the Code in relation to counter-claim. C. C. P. § 100, 104. Any other construction would defeat or impair these equitable and economical provisions of it, by which all matters in controversy between the parties to a suit may be determined in the same action. Pomeroy on Remedies, § 734, 800 ; *Holzbaur* v. *Heine*, 37 Mo. 443 ; *Woodruff* v. *Garner*, 27 Ind. 4 ; *Sloan* v. *McDowell*, 71 N. C. 356 ; *Harris* v. *Burwell*, 65 N. C. 584 ; 72 N. C. 541 ; 66 N. C. 233.

There was error in allowing the judgment of non-suit.

There were two appeals in this case, and but one record sent up. The plaintiffs appealed from the ruling of the Court excluding evidence of the check and its payment to J. M. Edwards. We affirm that judgment of the Court. The defendants appealed from the order of the Court allowing the non-suit. There was error in that, and for it the judgment must be reversed and a *venire de novo* awarded. This opinion applies to both appeals, and in each, judgment is given against the plaintiffs for costs.

As the case goes back for another trial, the plaintiffs should be allowed to reply to the plea of counter-claim in order that the question may be tried upon its merits. The omission to reply was perhaps inadvertent.

PER CURIAM.                    *Venire de novo.*