SAMUEL J. GUY v. SHADRACH MANUEL.

*Evidence—Admissions of parties and attorneys—Silence.*

1. The admissions of a party contained in the pleadings filed in a cause are
   competent evidence against him, whether the pleadings are verified or
   not, or signed by the party or his attorney.

2. So also the admissions of attorneys in the conduct of a cause, are admis-
   sible in evidence against their clients.

3. The silence of a party in whose presence a statement is made, will not be
   taken as an acquiescence on his part in the truth of the statement, unless
   the occasion be one where a reply from him might be properly expected;
   *Hence* it was held, that the declarations of deceased persons made in
   presence of the plaintiff concerning the location of land before his pur-
   chase of the same, to which the plaintiff made no reply, are inadmissible
   against the plaintiff (in an action to recover the land), when offered for
   the purpose of concluding the plaintiff or giving additional weight to
   the declarations of the deceased persons.

   (*Adams* v. *Utley*, 87 N. C., 356, cited and approved).

EJECTMENT tried at Spring Term, 1882, of CUMBERLAND
Superior Court, before *Shipp, J.*

The defendant first filed an answer to the plaintiff's complaint as follows:

1. That the first article therein contained is not true.

2. That so much of the second article of the plaintiff's complaint as alleges that the defendant is in possession of the fifteen acres therein described is admitted, but denies that he wrongfully withholds the possession of the same.

Subsequently, by leave of the court, the defendant was permitted to file the following answer, to-wit:

1. That no allegation of the first article thereof is true.

2. That no allegation of the second article thereof is true.

There was no verification of either answer, and both were signed by the defendant's counsel.

Verdict and judgment for the defendant and the plaintiff appealed.

*Messrs. W. A. Guthrie* and *N. W. Ray*, for plaintiff.
*Messrs. Hinsdale & Devereux*, for defendant.

ASHE, J. On the trial, several exceptions were taken by the plaintiff to the ruling of His Honor upon points of evidence, only two of which do we consider it important to consider. First, the plaintiff offered to send to the jury the first answer filed by the defendant, contending that it was an admission of record, but the court refused to receive it as evidence. In this there was error. The case of *Adams* v. *Utley*, 87 N. C., 356, directly bears upon the point here presented, and we think is decisive of this case. There, there were two answers filed by the defendant; the first admitted a credit on the bond sued upon; and the second, as here, denied each allegation of the complaint. The plaintiff offered to read the first answer to the jury as evidence to rebut the presumption of payment, relied on by the defendant in his second answer. It was held that the evidence was competent, and that "the admissions of a party are always evidence against him, and the fact that they are contained in the pleadings filed

in the cause does not affect its competency." But the defendant's counsel insist that that case is distinguishable from this, because there, the answers were verified by the defendant, and in this, they are simply signed by counsel without verification. It is a distinction without a practical difference. For the admissions of attorneys in the conduct of an action are always admissible in evidence against their clients, especially when the admissions are of record. " The admissions of *attorneys of record* bind their clients in all matters relating to the progress and trial of the cause. In some cases they are conclusive, and may even be given in evidence upon a new trial, though previously to such trial the party give notice that he intends to withdraw them; or, though the pleadings be altered, provided the alterations do not relate to the admissions. But to this end they must be distinct and formal, or such as are termed solemn admissions, made for the express purpose of relaxing the stringency of some rule of practice, or of dispensing with the formal proof of some fact at the trial." Taylor on Ev., §700, and cases there cited in support of the text.

Upon the authorities cited, we are of opinion that the first answer filed by the defendant was admissible evidence, and it made no difference whether it was signed by the defendant or his attorney.

The only other exception to which we deem it necessary to advert, is that to the admission of testimony of the fact, that, at a survey of the land now owned by the plaintiff at which he assisted, but before his purchase of the same, the beginning corner of defendant's land was pointed out in his presence by some old persons who had no interest in the land and who are now dead, and that the plaintiff made no objection. However competent the declarations of the deceased persons may have been as substantive testimony, we think the admission of the evidence for the purpose of concluding the plaintiff or of giving additional weight to the declarations of the deceased persons, was erroneous.

The plaintiff at the time of the survey had no interest in the land, nor does it appear that he then had its purchase in contemplation. He was then a stranger to the controversy about the location of the land, which was being surveyed. If he had at that time any interest in the question sought to be settled by the survey, his failure to object to the oral statements of the persons present, we are ready to admit, would have been some evidence of his acquiescence in what was said, in regard to the corner, in his presence and hearing. To make the statements of others evidence against one on the ground of his implied admission of their truth by silent acquiescence, they must be made on an *occasion* when a reply from him might be *properly expected*. Taylor on Ev., §738; *State* v. *Sugg,* at this term. But where the *occasion* is such that a person is not called upon or expected to speak, no statements made in his presence can be used against him on the ground of his presumed assent from his silence.

It has been held, where, in a real action, upon a view of the premises by a jury, one of the chain-bearers was the owner of a neighboring close, respecting the bounds of which the litigating parties had much altercation, their declarations in his presence were inadmissible against him, in a subsequent action respecting his own close. Taylor on Ev., §837, and case cited in note 3.

There is error. The judgment of the court below is reversed. Let this opinion be certified to the superior court of Cumberland county that a *venire de novo* may be awarded.

Error.                                        Reversed.