## STATE v. JOHN T. SUGGS.

*Evidence—Confessions—Silence of Party—Comments of Counsel.*

1. A voluntary confession of one accused of crime, whether made before his apprehension, or after his commitment, is admissible against him.

2. Parol proof of such confession at a preliminary trial is also admissible, where it is affirmatively shown that the magistrate failed to reduce the same to writing.

3. The silence of a party, when a declaration is made in his presence and hearing, imputing to him the commission of a crime, is presumptive evidence of his acquiescence in the truth of the statement. See also, *Guy* v. *Manuel, ante,* 83.

4. Exceptions to remarks of counsel must be taken in apt time. No abuse of privilege appears in this case.

(*Adams* v. *Utley,* 87 N. C., 356; *State* v. *Efler,* 85 N. C., 585; *State* v. *Parish,* Busb., 239; *State* v. *Irwin,* 1 Hay., 112; *Knight* v. *Houghtalling,* 85 N. C., 17; *State* v. *Johnston,* 88 N. C., 623, cited and approved).

INDICTMENT for highway robbery tried at Fall Term, 1882, of CRAVEN Superior Court, before *McKoy, J.*

On the trial, one Henry Rouse, a witness for the state, testified that there had been a preliminary examination of the charge against the defendant, in which, declarations of Peter Donan, the person alleged to have been robbed, were used as his dying declarations, and the defendant was committed; that afterwards, Peter Donan came to Newbern, when Thomas Stanley, the justice of the peace before whom the said examination was had, caused the defendant to be taken from the jail to his office (a different place from that of the trial) for the purpose of the

identification of the defendant by Donan. When the defendant arrived, Donan and a crowd were assembled in the office. Some one asked Donan, "do you know who robbed you?" He looked at the defendant, and answered, "I don't know, but the man who passed by and told Henry Rouse that I was a robber, was the man who robbed me"; that the man, "he had on a blue shirt and a black coat, and wanted to ride with me, but I objected"; and he stated further, that the man who robbed him said he was an officer, and grabbed him and beat him, and took $18.75 from him.

The witness (Rouse) then said to Donan, "then say who robbed you." This, as well as what Donan said, was spoken in the presence of the defendant, who was at the time in the custody of the sheriff, and the defendant said to the witness (Rouse), "Henry, I am willing to bear my part, you must bear your part," and then Donan said, "Henry did not help in the matter."

The witness also stated that there was no trial going on at the time, nor did the justice of the peace take down anything in writing.

Thomas Stanley, the justice, a witness for the state, testified that the trial of the defendant was held by him before that time, and at a different place, and defendant was, on the occasion alluded to by Rouse, ordered before him for identification; that he had no recollection of the conversation testified to by Henry Rouse, nor did he remember that any trial was had that day, or whether anything was taken down in writing, though he might have asked some questions.

The defendant objected to the admission of this testimony, but the court finding as facts, that the conversation testified to by Rouse was in the presence and hearing of the defendant at a time when no trial was going on; that there were no threats or promises made to defendant; that what defendant said was voluntary, as there was no evidence that any one requested or urged him to say anything, and that there was no proof that the conversation was ever reduced to writing, overruled the objection, and the defendant excepted.

This constitutes the first ground of the motion for a new trial, and the second is to the comments of the prosecuting attorney in addressing the jury, which the defendant contends was an abuse of his privilege, and that the court erred in not stopping him.

The remarks complained of: One of the witnesses having stated that he heard the defendant had been in the penitentiary, the counsel said: "Now, I do wish, in the interest of a fair trial, if that is not true, the defendant had some witness to deny it. But then, I thought only the defendant knew whether that was true, and the law does not permit counsel to comment upon the defendant's failure to testify." The alleged breach of privilege was not objected to or called at the time to the attention of the court, but on the next day after the verdict, in the statement of the grounds for a new trial.

Verdict of guilty; judgment; appeal by defendant.

*Attorney-General,* for the State.
No counsel for defendant.

ASHE, J. There is no force in the first exception. His Honor, having found that the admission of the defendant was voluntary—not induced by any word or act of intimidation, or promise held out to him, and that it was not made in the course of any judicial proceeding—the conversation in the hearing of the defendant and his statement at the time were clearly admissible.

The admissions of a party are always admissible against him. *Adams* v. *Utley,* 87 N. C., 356; *State* v. *Efler,* 85 N. C., 585. A free and voluntary confession by a person accused of an offence, whether made before his apprehension or after his commitment; whether reduced to writing or not; in short, any voluntary confession, made by a defendant, to any person at any time or place, is strong evidence against him. Whar. Pl. and Ev., §683.

The declarations of the defendant, in this case, do not fall

34

within the rule applicable to the admission of statements made by a prisoner during a preliminary inquiry before a justice of the peace, where, by statute, it is made the duty of the justice to write down the statement; for here, there was no trial, no judicial proceeding, no inquiry, in which the justice was required by law to write down anything. But even if it had been such an inquiry, parol proof of the declaration of the defendant would have been admissible; for it was affirmatively proved by the testimony of the witness, Rouse, that the justice "did not take down anything in writing." *State* v. *Parish*, Busb., 239; *State* v. *Irwin*, 1 Hay., 112.

The conversation deposed to by the witness, in the presence and hearing of the defendant, would have been admissible if the defendant had remained silent: for a declaration in the presence of a party to a cause becomes evidence, as showing that the party, on hearing such a statement, did not deny its truth; for if he is silent when he ought to have denied, there is a presumption of his acquiescence. And where a statement is made, either to a man or within his hearing, that he was concerned in the commission of a crime, to which he makes no reply, the natural inference is that the imputation is well founded, or he would have repelled it. *Guy* v. *Manuel*, *ante*, 83; Whar. Ev., §1136, and cases there cited. Much stronger, then, is the case where he does reply, and makes a confession or statement, as in the case before us, from which his implication in the commission of the crime may be inferred.

As to the second exception: We are of the opinion it was not such an abuse of the "privilege of counsel" as constituted a ground for a new trial. The objection to the remarks was not made until the next day after the verdict was rendered, upon the motion for a new trial. It came too late. It was not made in apt time, and for that reason cannot be entertained, as has been frequently decided by this court. The party complaining of the "abuse of privilege" by the opposing counsel should object at the time the objectionable language is used, so that the court,

when it comes to charge the jury, may correct the error, if one was committed, and put the matter right in the minds of the jury. "A party cannot be allowed thus to speculate upon his chances for a verdict, and then complain because counsel were not arrested in their comments upon the case. Such exceptions, like those to the admission of incompetent evidence, must be made in apt time, or else be lost." *Knight* v. *Houghtalling,* 85 N. C., 17; *State* v. *Johnston,* 88 N. C., 623.

There is no error. Let this be certified to the superior court of Craven county, that the cause may be proceeded with in conformity to this opinion and the law of the state.

· No error. Affirmed.