THE BLACKWELL DURHAM TOBACCO COMPANY v. JOHN H. McELWEE.

*Evidence—Statements—Costs.*

1. Statements in regard to the rights of a party made in his presence, and not denied or explained by him, are evidence against him, but this evidence should never be received unless it be of declarations of that kind which naturally call for a denial or explanation, and they must be made on an occasion when a denial might properly be expected.

2. Where a witness was examined before a commissioner, in another suit, in which the defendant in the present action was a party and also a witness, and during such examination the witness made statements in the presence of the defendant derogatory to his rights in this action, which were not denied at the time they were made, nor did the defendant contradict them on his examination in that action: *It was held*, that the occasion was one where it would have been improper for the defendant to have contradicted the witness, and that such declarations were not evidence in this action.

3. Where a record contains superfluous matter the appellant will be taxed with the costs occasioned by it, although he succeeds in the appeal.

(*Francis* v. *Edwards*, 77 N. C., 274; *Guy* v. *Manuel*, 89 N. C., 86; *Moffitt* v. *Witherspoon*, 10 Ired., 185; cited and approved).

CIVIL ACTION, tried before *Clark, Judge*, and a jury, at April Term, 1886, of PERSON Superior Court.

This action is prosecuted to establish the plaintiff's exclusive right to a certain trade mark used in designating tobacco manufactured by it for sale, and to recover damages from the defendant for its alleged invasion by him. Several issues arising out of the conflicting pleadings were passed on by the jury, whose verdict in response is:

(1). That the plaintiff is entitled to the sole and exclusive use of the claimed trade mark or device, as against the defendant, and to affix the same to their manufactured goods; and

(2). That this right has been violated by the defendant to its damage unascertained.

Judgment was accordingly rendered, according a perpetual injunction against the defendant's further use of the trade mark or device upon his own goods, and directing a reference to Kerr Craige to ascertain and report the earnings, gains and profits accruing to the defendant from his sales of goods with the said trade mark or device wrongfully affixed thereon. From this judgment, the defendant appeals.

*Messrs. W. W. Fuller* and *John W. Graham*, (*Messrs. Thos. C. Fuller, Geo. H. Snow, Thos. Ruffin* and *A. W. Graham*, were with them on the brief,) for the plaintiff.

*Mr. John Devereux, Jr.*, (*Mr. Jos. B. Batchelor* was with him,) for the defendant.

SMITH, C. J., (after stating the facts). The only exception we propose to consider, since this is decisive of the appeal, is the admission of certain testimony, against the defendant's objection, assigned as error, and embraced in his third exception. This exception is thus set out, with the matter to which it applies, in the record:

"When defendant was on the stand as a witness in his own behalf, plaintiff's counsel showed him a letter signed by Thomas A. Burke, and addressed to Norwood & Webb, attorneys for the executor of John R. Green, and asked him (defendant) if at the time said letter bore date, said Burke was not his partner for the manufacture of tobacco. Defendant said he was not, but had been two years before that time. Defendant then answered to questions of plaintiff's counsel, that he had heard said Burke examined in a former suit concerning the rights of plaintiff, assignor, and defendant, to the trade mark now at issue, before a commissioner to take depositions, and that on said examination Burke admitted the statement of said letter to be substantially true;

that he (defendant) was present when Burke made this statement, and was himself afterwards examined as a witness in his own behalf in the same case, and did not refer to or contradict this letter or statement of Burke. Plaintiff contended that the evidence was competent, on the ground that it called for a reply on the part of defendant, and he made none when he had opportunity to do so. Defendant objected to the introduction of the letter of Burke, but his Honor admitted it on the ground stated by the plaintiff, and defendant excepted."

The letter referred to is quite long, and purports to have been written at Statesville, in December, 1869. It acknowledges a letter enclosing an account against McElwee & Burke, and admits it to be correct as far as it goes. It also states, that "about the last of November, 1868, myself and McElwee agreed to go into the manufacture of smoking tobacco," and recounts their visit to the late J. R. Green to seek information about the proposed business. After speaking of transactions with him, of which he complains, near the close of the letter he adds: "This is my own individual business. Mr. McElwee had nothing to do with the tobacco trade between me and Mr. Green. *He was my partner in the manufacture of smoking tobacco*, and I was to give Mr. Green credit for what he furnished me."

This letter was read in evidence and received as a declaration made in the presence and hearing of the defendant, and which, if true, it behooved him to deny and disavow in his own deposition. It goes before the jury as a tacit admission of the partnership, the force of which was to be considered by them. In this aspect, it might have great influence in determining the verdict, and if incompetent for such purpose, its reception is an error entering into the trial and vitiating the result.

Was the defendant, under the circumstances, called on in his own examination, to contradict the statement, and is his

silence evidence of his assent to its correctness? The general rule is well understood and acted on, that statements made in the presence of a party, and allowed to go undenied and unexplained, are in the nature of an admission of their truth, and as such are competent evidence against him ; but in the language of DUNCAN, C. J., in *Moore* v. *Smith*, 14 Serg't R., 393, repeated by Mr. Greenleaf in his excellent treatise on the law of evidence, vol. I., §199 : " nothing can be more dangerous than this kind of evidence. It should always be received with caution, *and never ought to be received at all*, unless the evidence is of direct declarations of that kind which naturally *calls for contradiction*; some assertion made to the party with respect to his right, which by his silence he acquiesces in."

"The silence of a party," remarks BYNUM, J., in *Francis* v. *Edwards*, 77 N. C., 274, " is not an assent to statements made in his presence, unless the statements are made under such circumstances *as properly call for a response*."

The principle is thus stated with care and accuracy in a late case by Mr. Justice ASHE: "To make the statements of others evidence against one, on the ground of his implied admission of their truth by silent acquiesence, they must be made on an occasion when a reply from him might be properly expected. But when the occasion is such that a person is not called on, or expected to speak, no statement made in his presence can be used against him on the ground of his presumed assent from his silence." *Guy* v. *Manuel*, 89 N. C., 86. He cites also *State* v. *Sugg*, decided at same term, and Tay. Ev., §738.

Is the evidence admitted of what is contained in the deposition of Burke given in another suit, where the testimony of the defendant was also similarly taken, and in reference to his letter, within the restrictions of the rule? Was he called on to contradict the statement, if untrue, under the circumstances, verbally or in his own deposition?

In our opinion, it would have been rude and indecorous in him to do so orally; nor was it to be expected that he should interfere with the course of his examination as a witness, conducted by counsel, for the mere purpose of contradiction. The testimony was taken for use in a case then depending, and its pertinency and materiality were under the control of counsel. It was not required that the witness should use the occasion to correct every erroneous statement made in the deposition of another witness, even to his own prejudice, under the penalty of having the omission construed into an admission of the truth of what was said, and more especially when he is a mere hearer, and no party to the conversation, so to denominate what was then going on.

In *Moffit* v. *Witherspoon*, 10 Ired., 185, NASH, J., declares that, "it would be carrying the doctrine very far, to say that a party to a suit was bound by declarations of counsel made in his argument to the jury, though made in his presence."

Similar enunciations of limitations upon the rule are found in adjudications elsewhere, to a few of which we will refer: In *Havey* v. *Havey*, 9 Mass. 216 : a deposition taken and filed by the defendant in a previous action, was produced and offered against him, on the ground that placing it on file amounted to an admission of the facts stated in it. It was rejected by the Court. In *Wilkins* v. *Stidger*, 22 Cal., 232; the Court say : " It is clear that a party to a suit is not bound by, or held to admit as true, every statement made by his witnesses during the trial of a cause, because he does not deny or contradict them at the time. A denial or contradiction under such circumstances would produce great confusion, and cause continual wrangling between the party and the witnesses."

In *Hersey* v. *Barton*, 23 Verm., 685 ; a deposition was offered containing a conversation between the plaintiff and the witness about the subject matter in controversy between the parties to the present suit, in presence of the defendant.

This was not addressed to the defendant, did not require an answer, and KELLOGG, J., for the Court, thus speaks: "To hold that a person is bound upon all occasions where his adversary in his presence is making statements to others, and not addressed to him, but which are adverse to his interests, to repudiate the same, or that his silence should be taken as an admission of the truth of those statements, would in our judgment be unsound in principle and unwarranted by authority."

But a case still more in point, decided in the same Court, is that of *Brainerd* v. *Buck*, 25 Verm., 579. Proceedings in chancery were depending to forclose a mortgage, and one defendant was a witness before the master. One Samuel Buck, a defendant in that suit, but not in this, made statements tending to show that the money in question in the present suit, had come into the defendant's hands. The defendant was present and did not deny it. The Court declare, that " the statements being in a judicial proceeding, and not directed to the defendant then present, *could not call for a denial,* and indeed it would have been quite irregular for him, who stood a stranger to those proceedings, to have interfered and denied any statements which may have been made to the master, by either party."

Now it would have been an impertinent interruption for the defendant to deny the statement of the witness Burke while his examination was in progress, and in giving his own testimony, he was of course under the guidance of counsel and the supervision of the commissioner. It was for counsel and not the witness to determine what information was wanted and to elicit it, for him to give such as he possessed and counsel required. It was not a proper occasion for him to interject contradictions not germain to the subject matter about which he was being examined, in order to escape the inference of assent drawn from his mere silence. This, in our opinion, was not demanded under the circumstances, and

the evidence ought not to have been received, and allowed to be used for such purpose against the defendant.

In this ruling there is error, and the defendant is entitled to have the verdict set aside, and a *venire de novo* awarded. To which end let this be certified to the Court below.

The record contains much superfluous matter, that relating to the interlocutory appeal, which must be taxed against the appellant.

Error.                                    Reversed.