STATE v. L. C. JACKSON.

(Filed 7 April, 1909.)

**1. Evidence—Statements—Silence—Admissions.**

The silence of a party as an admission of statements made in his presence is to be received in evidence with great caution, and except under well-recognized conditions, is altogether inadmissible.

**2. Same—Judicial Investigations.**

The silence of a person present at a judicial or *quasi* judicial investigation, when statements are made by a witness, is no evidence of his admission of the truth of the statements, unless he was afforded fair opportunity to speak.

**3. Same.**

Defendant had sworn out a warrant before a justice of the peace against S., and gave testimony upon the trial that S. had unlawfully stolen a ballot, pending a municipal election. Said S. was bound over to court, but no true bill found by the grand jury. Upon the trial of defendant for perjury, by reason of the oath and testimony, a State's witness was permitted to testify, over defendant's objection, that defendant was present, pending a hearing or investigation had before the county commissioners concerning this election, and said nothing at that time about S. having taken the ballot: *Held*, error.

**4. Evidence—Statements—Silence—Admissions—Interests.**

The silence of one in whose presence statements are made is no evidence of his admission of the truth of the statements, when they were made under such circumstances as would not naturally call for a reply, nor ordinarily when the person silent respecting them had no present interest specially involved.

INDICTMENT for perjury, tried before *W. J. Adams, J.,* and a jury, at January Term, 1909, of CUMBERLAND.

There was evidence tending to show that an election had been held in Rockfish Township, in said county, on the question of graded schools for District No. 5½, and that one Thomas Seals had been arrested and tried for unlawfully disturbing said election and stealing a ballot from the ballot box being used in the same; that the present defendant swore out the warrant against Seals and testified against him in the hearing before the justice that he saw said Seals steal a ballot from the box, pending said election; that Seals was bound over by the justice, and, the

grand jury having ignored the bill, the defendant was indicted for perjury, by reason of the oath and testimony, as above stated.

There was evidence on the part of the State tending to show that the said testimony was wrongfully and corruptly false, and on the part of the defendant that the facts stated and testified against Seals were true; and in the trial below, one John Calhoun, a witness for the State, was allowed to testify, over defendant's objection, that in a hearing or investigation had before the county commissioners concerning this election defendant Jackson was present and said nothing at that time about Seals having taken the ballot. To the admission of this testimony defendant excepted. Again, Edgar Hall, a witness for the State, was allowed, over defendant's objection, to testify that "Some time after the election (date not given in record) Henry Ratly said to some one that he (Ratley) did not understand the election, but it certainly was fair; that defendant was present and could have heard this remark, and did not say anything." Defendant excepted.

There was a verdict of guilty, and from judgment on the verdict defendant appealed, assigning for error the rulings of the court on the admission of evidence, as above stated.

*Attorney-General* and *A. S. Hall* for the State.
*Thomas H. Sutton* for defendant.

HOKE, J., after stating the case: The silence of a party, in the presence and hearing of statements relevant to a matter undergoing investigation, may, under given circumstances, be received in evidence against him by way of admission or acquiescence. Although the statements, under the circumstances indicated, are necessarily to be heard, it is the silence of the party and the inferences fairly deducible from that fact which constitutes the evidence; and while this silence may at times have strong probative force, it is a fact so liable to misinterpretation and abuse that the authorities uniformly consider it as evidence to be received with great caution and, except under well-recognized conditions, hold it to be altogether inadmissible. The very terms of the maxim to which the admission of such evidence is referred give clear indication that this is a proper estimate

and a correct position concerning it. *"Qui tacet consentire videtur."* The general principle, and the conditions required for its admissibility, will be found very well stated in Taylor on Evidence, with American notes by Chamberlayne, Vol. 2, pp. 523, 525, 555 (5), 588 (5). Thus (page 523): "Admissions may also be implied from the acquiescence of the party. Acquiescence, to have the effect of an admission, must exhibit some act of the mind and amount to voluntary demeanor or conduct of the party; and, whether it be acquiescence in the conduct or in the language of others, it must plainly appear that such conduct was fully known or such language fully understood by the party before any inference can be drawn from his passiveness or silence. The circumstances, too, must be not only such as afforded him an opportunity to act or to speak, but such also as would properly and naturally call for some action or reply from men similarly situated."

And on page 527: "Admissions are, too, sometimes inferred from *acquiescence in the oral statements of others.* At the same time the maxim, *'Qui tacet consentire videtur,'* must be applied by the lawyer with careful discrimination. 'Nothing,' it has been observed, 'can be more dangerous than this kind of evidence. It should always be received with caution, and never ought to be received at all unless the evidence is of direct declarations of that kind which naturally calls for contradiction—some assertions made to the party with respect to his right, which by his silence he acquiesces in.' Moreover, to affect one person with the statements of others, on the ground of his implied admission of their truth by silent acquiescence, it is not enough that they were made in his presence, or even to himself, by parties interested, but they must also have been made on an *occasion when a reply from him might be properly expected."*

And on page 554 (5): "To render an unchallenged declaration, made in a person's presence, evidence against him, it is essential that he be in a position to reply, if so minded. 'If a party is so situated that he is not called upon to say anything, and does not say anything, his silence under such circumstances is not to be taken as furnishing any ground for an inference that

he thereby made any admission?' Citing *Proctor v. Railroad,* 154 Mass., 251 (1891); *Corser v. Paul,* 41 N. H., 24 (1860); *Gibney v. Marchay,* 34 N. Y., 301, 305 (1866); *Loggins v. State,* 8 Tex. App., 434, 444 (1880); *Kaelin v. Com.,* 84 Ky., 354, 367 (1886); *Peck v. Ryan* (Ala.), 17 So. Rep., 733 (1895)."

And again, on page 588 (5): "The inference that silence is tantamount to an admission of guilt must rest upon the idea of acquiescence, and it is not consistent with sound reason to imply an acquiescence from silence, unless the circumstances are such as to afford the party an opportunity to act or speak, but such, also, as would naturally call for some action or reply from prudent men similarly situated. The rule is well and tersely settled in *Commissioners v. Brown,* 121 Mass., 69, as follows: 'A statement, made in the presence of a defendant, to which no reply is made, is not admissible against him unless it appears that he was at liberty to make a reply and that the statement was made by such person and under such circumstances as naturally to call for a reply, unless he intends to admit it; but if he makes a reply, wholly or partially admitting the truth of the facts stated, both the statement and the reply are competent evidence. *Commissioners v. Kennedy,* 12 Metc. (Mass.), 235.'"

The doctrine so stated is fully supported by the decisions of our own Court on the subject, and others of recognized authority. *Tobacco Co. v. McElwee,* 96 N. C., 71; *Guy v. Manuel,* 89 N. C., 83; *Francis v. Edwards,* 77 N. C., 271; *Peck v. Ryan,* 110 Ala., 336-341; *State v. Mullins,* 101 Mo., 514.

A perusal of these authorities and a proper consideration of the subject will establish that, when admissible, it is always open to the party affected to impair or destroy the force of the testimony by showing that he did not or could not hear the statements, or that he was ignorant of the facts and not in a condition to make intelligent reply, or other circumstances of like tendency; and unless the party at the time was afforded fair opportunity to speak, or the statements were made under circumstances and by such persons as naturally called for a reply, the evidence in question is not admissible at all. The first of these conditions, suggested as positive limitations on the reception of the evidence in question, more usually arises where the

statements are made in the course of some judicial or *quasi* judicial investigation, and of these an instance is afforded in the case of *Tobacco Co. v. McElwee, supra,* where the statements were made by a witness when a deposition was being taken, and the party affected was present and did not make reply.  *Chief Justice Smith,* for the Court, said: "In our opinion, it would have been rude and indecorous in him to do so orally; nor was it to be expected that he should interfere with the course of his examination as a witness, conducted by counsel, for the mere purpose of contradiction.  The testimony was taken for use in a case then depending, and its pertinency and materiality were under the control of counsel.  It was not required that the witness should use the occasion to correct every erroneous statement made in the deposition of another witness; even to his own prejudice, under the penalty of having the omission construed into an admission of the truth of what was said, and more especially when he is a mere hearer and no party to the conversation, so to denominate what was then going on."

Another appears in *State v. Mullins, supra,* where it was held that "Statements of a witness made at a coroner's inquest, in the presence of the defendant, are not subsequently admissible against him on the trial of the charge."  In this case *Black, J.,* for the Court, said: "The rule of evidence which allows the silence of a person to be taken as an admission or confession of the truth of the matters stated in his presence should be applied with caution, for it is often much abused. The rule is based on the assumption that the party is at liberty to speak and proceed upon the ground that the circumstances are such as call on him for a reply.  The rule has no application whatever to statements given in evidence in a judicial proceeding, for in such case he is not at liberty to interfere or contradict the evidence whenever he pleases."

And the second limitation suggested, that the declarations should be made under such circumstances and by such persons as naturally call for a reply, can rarely if ever arise when the party had no present right or interest involved or to be affected. This is illustrated in *Guy v. Manuel, supra,* where it was sought to use the silence of the party in the hearing of declarations of

STATE *v.* JACKSON.

a person deceased as to boundary, and it appeared that at the time the declarations were made the party to be affected had then no interest in the property, but acquired it later. *Ashe, J.,* for the Court, said: "The plaintiff, at the time of the survey, had no interest in the land, nor does it appear that he then had its purchase in contemplation. He was then a stranger to the controversy about the location of the land, which was being surveyed. If he had at the time any interest in the question sought to be settled by the survey, his failure to object to the oral statements of the persons present, we are ready to admit, would have been some evidence of his acquiescence in what was said in regard to the corner in his presence and hearing. To make the statements of others evidence against one, on the ground of his implied admission of their truth by silent acquiescence, they must be made on an occasion when a reply from him might be *properly expected.* Taylor on Ev., 738; *State v. Sugg,* 89 N. C., 527. But where the occasion is such that a person is not called upon or expected to speak, no statements made in his presence can be used against him on the ground of his presumed assent from his silence."

An application of these authorities leads to the conclusion that the court below made an erroneous ruling in the reception of the evidence objected to. On the first exception noted, the investigation as to the election before the board of commissioners, it does not clearly appear from the record what was the nature or purpose of the investigation, nor does it appear that the defendant was especially interested or, if he was, that he was given opportunity or called on to speak in any way concerning it; and in the second, the statements testified to by the witness Hall, they appear to have been made by one Henry Ratly to some third person, at a time when this defendant had no present interest specially involved, and when there was no call or occasion for him to reply.

We are of opinion that the admission of the evidence constitutes reversible error, and the defendant is entitled to have his cause tried before another jury, and it is so ordered.

New Trial.