J. G. McCORMICK, Trustee, v. S. B. WILLIAMS.

(Filed 25 May, 1910.)

1. Principal and Agent—Declarations—Evidence.

Before the declarations of an alleged agent are competent, the fact of agency must be at least *prima facie* shown by other evidence; and when a purchaser at a mortgage sale, in an action for damages arising from his failure to comply with his bid, relies upon a release of his bid by the agent of the one holding the notes thereby secured, the agency must thus be established before the agent's declarations are competent.

2. Same—Mortgage Sale—Release.

When upon demand made of the last and highest bidder at a sale of land, under a deed of trust, he fails or refuses to comply with his bid and make a payment accordingly, and the sale is a

valid one, the trustee may sue such bidder for the full amount of the bid and recover it with interest and cost; but when the trustee elects to resell the land for the bidder and at the second sale it brings a less price, the amount of damages recoverable is the difference between that bid at the first sale and the market value of the property, in arriving at the determination of which the jury may consider as evidence the amount bid at the first sale.

APPEAL by defendant from *Lyon, J.,* at December Term, 1909, of ROBESON.

The facts are sufficiently stated in the opinion of the Court.

*McLean & McLean* for plaintiff.
*McNeill & McNeill* and *Shaw & Johnson* for defendant.

WALKER, J. This action was brought by the plaintiff for the recovery of the sum of $585, it being the difference between the amount bid by the defendant at a sale made by the plaintiff, as trustee, of certain property conveyed to him by deed of trust, and the amount bid at a second sale of the same property, which was made necessary by the failure of the defendant to comply with his bid which was made at the first sale.

It appears in the case that H. D. Williams executed several deeds of trust to the plaintiff to secure certain debts therein described, each of which said deeds contained a power of sale, to be exercised by the trustee in case of default in the payment of the debts. The trustee, in accordance with the terms of the deeds of trust, and after default in the payment of the debts, sold the property at public auction after due advertisement, and the defendant, S. B. Williams, purchased, at the sale, a sawmill plant for the sum of $785, to be paid in cash. After demand made upon him for a compliance with his bid and the payment of the purchase money, and the refusal to comply, the plaintiff, as trustee, resold the sawmill plant, when it was purchased by T. R. Toler, at the price of $200.

The defendant claimed that he had been released from his bid by the Akers Lumber Company, the owner of the notes secured by the deed of trust. It is not contended that he was released otherwise than by J. T. Burrus, who, defendant alleges, was acting, at the time, as agent of the lumber company, but we find no evidence in the case to establish the agency of Burrus.

It is well settled by the authorities that an agency cannot be established by the acts or declarations of the person who is alleged to be agent. The agency must first be shown, at least *prima facie,* by other evidence, before the acts and declarations

of the agent become competent evidence against the alleged principal. *Jackson v. Tel. Co.,* 139 N. C., 347; *Francis v. Edward,* 77 N. C., 271; *Daniel v. R. R.,* 136 N. C., 517.

In this case the court charged the jury to disregard all the testimony as to any conversation or agreement between the defendant and J. T. Burrus, upon the ground, of course, that there was no evidence which tended to show that Burrus was authorized to act for the Akers Lumber Company, and to release the defendant from the obligation which he had incurred by bidding for and buying the property at the first sale. We can see no error in this instruction, as there was no evidence introduced by the defendant to sustain his allegation that Burrus had the authority to release the defendant, even if what was said by him in his conversation with the defendant could have the effect in law of discharging the defendant of his obligation as purchaser at the sale.

As to the damages, when the defendant failed or refused to comply with his bid and pay the amount thereof to the trustee, the sale being a valid one under the deed of trust, the latter could have sued the defendant for the full amount of the bid and recovered the same with costs. He elected, though, to resell the property for the benefit of the defendant, and it is not disputed that the sale was properly made in accordance with the terms of the deed of trust, and that defendant had notice of the sale. The court charged the jury upon the issue as to damages, that they might allow the plaintiff the difference between the amount bid at the first sale and the market value of the property, as they might ascertain it to be, considering the price it brought at the second sale, if the jury should find that the second sale was made fairly and in accordance with the requirements of the deed of trust. This charge seems to be in accordance with what was said by this Court in the case of *Register Co. v. Hill,* 136 N. C., 276. The verdict was for an amount much less than the sum which the defendant had bid at the first sale, and which could have been recovered by the plaintiff, as we have already said, if he had elected to sue for the same upon tendering the property to the defendant, if the facts and circumstances of the case required such a tender.

We have examined the record carefully and have concluded that the case was fairly and correctly tried in the court below, and that consequently there was no error in the rulings and judgment of the court.

No error.