Criminal prosecution tried upon indictment charging the defendant with wantonly and wilfully burning a barn, the property of W. A. Lowman, in violation of C. S., 4242.
W. A. Lowman is a farmer living in Burke County. His barn was burned about 1:00 a.m. Sunday morning, 9 April, 1933. His horses were saved, but his cow was not. The defendant is a fisherman living in a shack on the western bank of the Catawba River.
A fresh boot track was found not far from the barn which led across the bottom and in the direction of June Wilson's shack. It is in evidence that this track was made by the defendant's boots. The defendant thought the track might have been made on Saturday afternoon as he was going after some liquor. He said to one of his neighbors between 2:00 and 3:00 o'clock Sunday morning, "I played hell up the creek tonight." And when the officers came to his house, or shack, later in the morning and said to him that Mr. Lowman's barn was burned last night, "he did not make any answer to that, but said they played hell with my fish trap last night." Bob Wilson, brother of the defendant, who was with the officers and neighbors, after looking at the boots, said to the defendant: "You are the fellow that burned Mr. Lowman's barn." To this, the defendant made no reply.
On the following day the defendant stopped by the home of W. A. Lowman, sat down on the edge of the porch, and sought to engage him in a conversation with respect to the cost of his new harness, etc. Lowman had very little to say; did not answer his questions. Presently, Lowman's little three-year-old grandchild said to the defendant: "You burned our cow." The defendant made no answer, but pretty soon thereafter he got up and left. Objection by defendant to the introduction of this evidence; overruled; exception.
The defendant offered no evidence, but moved to dismiss the prosecution as in case of nonsuit. C. S., 4643.
Verdict: Guilty.
Judgment: Thirty months on the roads.
The defendant appeals, assigning errors. *Page 378 
The defendant grounds his motion for dismissal of the prosecution on the insufficiency of the evidence to show any felonious origin of the fire, or to identify the defendant as the culprit, citing S. v. Church, 202 N.C. 692,163 S.E. 874, but we think these facts, or the corpus delicti, may reasonably be inferred from the attendant circumstances. Not only does it appear that the defendant made the tracks found near the barn, but also that he remained silent in the face of the statement by his brother, in the presence of the officers. "You are the fellow that burned Lowman's barn."S. v. Jackson, 150 N.C. 831, 64 S.E. 376. The occasion was such as to call for a reply, or to render the defendant's silence at that time tantamount to an admission by acquiescence of the truthfulness of said statement. S. v. Burno and Portee, 200 N.C. 142, 156 S.E. 783.
The general rule is, that statements made to or in the presence and hearing of a person, accusing him of the commission of or complicity in a crime, are, when not denied, admissible in evidence against him as warranting an inference of the truth of such statements. 1 R. C. L., 479.
It is the occasion, colored by some circumstance or significant conduct on the part of the accused, which renders such statements, otherwise incompetent as hearsay, admissible in evidence. S. v. Evans, 189 N.C. 233,126 S.E. 607.
Indeed, it has been said that the acquiescence of a party, to have the effect of an admission, must exhibit some act of the mind, and amount to voluntary demeanor or conduct of the party, and whether it be acquiescence in the conduct or in the language of others, it must plainly appear that such conduct was fully known, or such language fully understood by the party, before any inference can be drawn from his passiveness or silence. The circumstances, too, must not only be such as afford him an opportunity to act or speak, but such also `as would properly and naturally call for some action or reply, from men similarly situated. Taylor on Evidence, sec. 733.
When a statement is made, either to a person or within his hearing, implicating him in the commission of a crime, to which he makes no reply, the natural inference is that the imputation is perhaps well founded, or he would have repelled it. S. v. Suggs, 89 N.C. 527. But the occasion must be such as to call for a reply. "It is not sufficient that the statement was made in the presence of the defendant against whom it is sought to be used, even though he remained silent; but it is *Page 379 
further necessary that the circumstances should have been such as to call for a denial on his part, and to afford him an opportunity to make it." 16 C. J., 659.
Silence alone, in the face or hearing of an accusation, is not what makes it evidence of probative value, but the occasion, colored by the conduct of the accused or some circumstance in connection with the charge, is what gives the statement evidentiary weight. S. v. Burton, 94 N.C. 947;S. v. Bowman, 80 N.C. 432. "To make the statements of others evidence against one on the ground of his implied admission of their truth by silent acquiescence, they must be made on an occasion when a reply from him might be properly expected. But where the occasion is such that a person is not called upon or expected to speak, no statements made in his presence can be used against him on the ground of his presumed assent from his silence." Ashe, J., in Guy v. Manuel, 89 N.C. 83.
Due to the manifold temperaments of people and their varying conceptions of the fitness of things, the character of evidence we are now considering is so liable to misinterpretation and abuse that the authorities uniformly consider it as evidence to be received with great caution and, except under well recognized conditions, hold it to be inadmissible altogether. Hence, unless the party at the time was afforded a fair opportunity to speak, or the statements were made under circumstances and by such a person as naturally called for a reply, the evidence is not admissible at all. S. v.Jackson, 150 N.C. 831, 64 S.E. 376. "The silence of the accused may spring from such a variety of motives, some of which may be consistent with innocence, that silence alone is very slight evidence of guilt; and, aside from the inference which may arise from the attendant circumstances, should be received with caution as proof of guilt." Underhill Crim. Ev. (3d ed.), sec. 209. It is readily conceded that "mere shadows of confessions," which arise from silence in the face of accusations, are not to be received in evidence unless they amount to admissions by acquiescence. S. v. Butler,185 N.C. 625, 115 S.E. 889. Qui tacet non utique fatetur, sed tamenverum est eum non negare. "He who is silent does not indeed confess, but yet it is true that he does not deny."
Speaking to the subject in Vail v. Strong, 10 Vt. 457, Phelps, J., delivering the opinion of the Court, says:
"It is sometimes said that, if a fact, which makes against the party, is stated in his presence, and is not contradicted by him, his silence raises a presumption of its truth. To this position we cannot accede. The mere silence of the party creates no evidence, one way or the other. There are, indeed cases, where the silence of the party creates a presumption or inference against him; but this presumption derives all its *Page 380 
force from the circumstances, under which the statement is made, which may call for a denial. If the party is under a moral or honorary obligation to disclose, or if his reputation or interest is jeoparded by the statement, he has a strong inducement to deny it, if he can do so with truth. His silence, under such circumstances, affords an inference against him, which is more or less strong, in proportion to the inducement to make the denial. But even here, the evidence, thus created, rests altogether upon the attendant circumstances. If, for instance, the party be engaged in defending his reputation or his rights, an assertion, bearing upon the subject under discussion, and unfavorable to him, calls for a denial, and if there be not a denial, a presumption of its truth arises. But we know of no obligation upon the party to answer every idle or impertinent inquiry. He has the right to be silent, unless there be good occasion for speaking. We cannot admit that he is bound to disclose his private affairs, at the suggestion of idle curiosity, whenever such curiosity is indulged, at the hazard of being concluded by every suggestion, which may be suffered to pass unanswered. The true rule we understand to be this; — evidence of this character may be permitted to go to the jury, whenever the occasion, upon which the declaration is made in the presence of the party, and the attendant circumstances, call for serious admission or denial on his part; but the strength of the evidence depends altogether upon the force of the circumstances and the motives, which must impel him to an explicit denial, if the statement be untrue. But if no good reason exist to call for disclosure, and the party decline to enter into useless discussion, or answer idle curiosity, no legitimate inference to his prejudice can be drawn from his silence."
Nor is it essential, though a circumstance to be considered perhaps, that the statements of complicity or accusation should be made by one competent to testify against the defendant. S. v. Record, 151 N.C. 695,65 S.E. 1010; S. v. Graham, 194 N.C. 459, 140 S.E. 26; S. v.McKinney, 175 N.C. 784, 95 S.E. 162; S. v. Randall, 170 N.C. 757,87 S.E. 227; S. v. Freeman, 197 N.C. 376, 148 S.E. 450; 1 R. C. L., 480.
If it be conceded as more probable, from the foregoing epitome of the decisions on the subject, that the remark of the little child, "You burned our cow," made on Monday after the fire when the defendant stopped at the home of W. A. Lowman and sought to engage him in a conversation, called for no reply on the part of the defendant, its admission would seem to be without material significance on the facts of the present record. The occasion is what gave it point, if it had any. The jury would not have attached any importance to the child's statement, nor the defendant's failure to notice it, but for the fact that he went to the home of the prosecuting witness and sought to engage him in conversation *Page 381 
when he knew that he was then being accused of burning Lowman's barn, and he got up and left pretty soon after the child's remark. On the other hand, it is urged that the defendant's silence, as well as his conduct, on this occasion was but natural in view of the inhospitable reception accorded him by the prosecuting witness. So the jury, at least, had the benefit of a full understanding of the situation.
The weight of the circumstance, if any it had, lies in the conduct of the defendant, and not per se in the remark of the little child. At any rate, this evidence was only cumulative, the same implication having been made by the defendant's brother on the day previous under circumstances which clearly called for a reply but which elicited no answer, and we are not disposed to regard its admission as harmful, even if its exclusion might have been more appropriate. Then, too, the defendant's silence on this occasion was readily susceptible to explanation, which he elected not to make, evidently regarding the matter of small moment. 2 Wigmore on Evidence (2d ed.), 555.
Speaking generally to a somewhat similar situation in S. v. Bowman.80 N.C. 432, Ashe, J., delivering the opinion of the Court, seems to have taken a middle course, as it were, and approved the trial court's submission of the matter to the jury:
"The prisoner excepted to the admission of the declarations of Eliza Jane Bowman, the daughter of the prisoner, in reference to the `last words' of her mother, the deceased. They were clearly admissible for the purpose for which they were proved, and the remarks of his Honor in commenting upon this testimony before the jury were perfectly legitimate. They were told it was for them to determine whether the declaration was made in the hearing of the prisoner, whether he heard and understood the statement, and if so, what was his conduct on the occasion; did he immediately take up the child and bear her away in his arms and keep her constantly in his immediate presence while the company remained; and if they believed his testimony, it was for them alone to say what value was to be attached to these circumstances as tending to prove the prisoner's guilt. S. v. Perkins, 3 Hawks, 377."
This view of the law has been followed in a number of later cases. S. v.Martin, 182 N.C. 846, 109 S.E. 74; S. v. Walton, 172 N.C. 931,90 S.E. 518; S. v. Burno and Portee, supra. But in S. v. Butler, supra, the competency of such proposed evidence was ruled as a matter of law for the court, opinion by Walker, J.
We find no error in the court's refusal to set aside the verdict for alleged misconduct of one or more of the jurors. The verdict and judgment will be upheld.
No error. *Page 382