## STATE v. ROBERT BROOKS SAWYER.

(Filed 12 October, 1949.)

**1. Criminal Law § 34 (e)—**

In this prosecution for reckless driving and driving while intoxicated, the State's evidence tended to show that an officer was making an investigation at the hospital after the accident and that a passenger in the car stated in the presence and hearing of defendant that the car belonged to defendant and that defendant was operating it at the time charged. *Held:* The circumstances were such as to call for a denial by defendant if the statements were false, and defendant's silence in the face of the statements is competent as an implied admission by him of their truth.

**2. Automobiles §§ 29b, 30d—**

Evidence that defendant was silent when accused of driving the automobile at the time in question when the circumstances were such as to call for a denial by him, together with the circumstantial evidence as to the condition of the automobile and the location of the occupants immediately after the accident tending to show that defendant was the driver, *is held* sufficient upon the question of whether defendant was driving the automobile at the time, and with the other evidence in the case was properly submitted to the jury on the charges of reckless driving and driving while intoxicated. G.S. 20-138, G.S. 20-140.

APPEAL by defendant from *Pless, Jr., J.,* at February Term, 1949, of YADKIN.

Criminal prosecutions upon two bills of indictment, one containing two counts, charging that on 16 November, 1947, defendant did unlawfully and willfully operate a motor vehicle on the public highways of Yadkin County (1) while under the influence of intoxicating liquors, and (2) while under the influence of narcotics, and the other containing eight counts, charging that on 16 November, 1947, defendant did unlawfully and willfully violate various statutes pertaining to the operation of motor vehicles upon the public highways of Yadkin County, including the charge of reckless driving as defined by the Uniform Act Regulating the Operation of Vehicles on Highways. But on the trial in Superior Court the charges pressed by the State, and on which defendant was tried, were (1) the operation of a motor vehicle upon the public highways of Yadkin while under the influence of intoxicating liquor, G.S. 20-138, and (2) reckless driving. G.S. 20-140.

Upon trial in Superior Court both the State and the defendant offered evidence. Recitation of such of the evidence offered by the State as is required in considering assignments of error is made in the opinion hereinafter shown.

Verdict: "Guilty of operating a car intoxicated," and "reckless driving"—and recommending mercy.

Judgment: For "operating a car while intoxicated": Imprisonment in common jail of Yadkin County for a term of twelve months and assigned to work on the roads under the supervision of the State Highway and Public Works Commission,—but "because of the prior record of defendant, this prison sentence is suspended" upon conditions stated.

And for reckless driving, prayer for judgment continued for five years, the court reserving discretionary authority to pronounce judgment at any time within that period.

Defendant appeals therefrom to Supreme Court and assigns error.

*Attorney-General McMullan and John R. Jordan, Jr., Member of Staff, for the State.*

*Allen & Henderson and J. Livingston Williams for defendant, appellant.*

WINBORNE, J. The gravamen of the argument advanced by brief and orally in behalf of defendant, on this appeal, is that the State failed to introduce sufficient evidence to support a finding by the jury, beyond a reasonable doubt, that defendant was operating the automobile in which the evidence tends to show he and another man, one Mitchell, were riding at the time charged in the bills of indictment, and, hence, motions for judgment as of nonsuit should have been allowed.

It is contended by defendant that the court erred in admitting in evidence statements of an officer tending to show that defendant remained silent when, at the hospital a short time after the accident, in which the automobile was involved, the man Mitchell stated that the automobile belonged to defendant, and that defendant was operating it at the time charged, and related the circumstances under which he, Mitchell, was riding in the automobile. It is contended that proper foundation was not laid for the admission of this evidence. However, the evidence tends to show that the officer was making investigation of the facts relating to the accident involved and that the statements of Mitchell were made in the presence and hearing of defendant.

Testing the evidence offered by the principles fully discussed by *Stacy, C. J.,* and set forth in *S. v. Wilson,* 205 N.C. 376, 171 S.E. 338, and applied in *S. v. Hawkins,* 214 N.C. 326, 199 S.E. 284, it appears that the statements of Mitchell were made under such circumstances as called for a denial by defendant. And "the general rule is, that statements made to or in the presence and hearing of a person, accusing him of the commission of or complicity in a crime, are, when not denied, admissible in evidence against him as warranting an inference of the truth of such statements." 1 R.C.L. 479; *S. v. Wilson, supra.*

But aside from the evidence as to silence of defendant in the face of Mitchell's statements, the State offered other evidence from which the jury could find, beyond a reasonable doubt, that defendant was operating the automobile. There is evidence tending to show that when the automobile came to rest, after colliding with another automobile and the gasoline tanks, and filling station supports, the right front door of it had been torn open, and would not shut, and the left side had been mashed in and the left door would not open; and that defendant was in the automobile, on the front seat; that Mitchell was standing on the outside, with his hands on the right door; and that he reached over and pulled defendant out from near the steering wheel.

And there is evidence tending to show that defendant stated to the father of a young lady who was hurt at the filling station that he was not going to drive the automobile away, but reached over and got the switch keys and put them in his pocket. From this evidence the jury might fairly and reasonably infer that the automobile belonged to defendant, and that he was the driver of it.

And the evidence, without reciting it, is sufficient to support a finding by the jury that defendant was under the influence of intoxicating liquors, and that the automobile was operated carelessly and recklessly within the meaning of the statute relating to reckless driving. G.S. 20-140.

Moreover, after full consideration thereof, other assignments of error fail to show error which would entitle defendant to a new trial.

Hence in the judgment below we find

No error.